# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

BRIAN VARNADO,            )
                          )
         Petitioner,      )
                          )
    vs.                   )   CAUSE NO. 3:15-CV-454
                          )
SUPERINTENDENT,           )
                          )
         Respondent.      )

## OPINION AND ORDER

This matter is before the Court on the amended Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus filed by Brian Varnado, a pro se prisoner, on October 14, 2015. For the reasons set forth below, the Court **DENIES** the petition pursuant to Section 2254 Habeas Corpus Rule 4 and **DIRECTS** the clerk to close this case.

DISCUSSION

Varnado is challenging WCC 15-06-511, a prison disciplinary proceeding held at the Westville Correctional Facility where the Disciplinary Hearing Officer (DHO) found him guilty of Threatening in violation of B-213 and sanctioned him with the loss of 30 days earned credit time on July 1, 2015. Varnado lists three grounds in his petition, but they are all merely different ways of presenting one argument. Varnado states that he was not restrained. He states that he was not handcuffed. He states that he was not sent to

segregation. He argues that he was not aggressive. He argues that if he had been aggressive, prison policy requires that he be restrained in handcuffs and sent to segregation. He argues that because he was not, this proves that he is not guilty.

However, he was not found guilty of being aggressive. He was found guilty of threatening. The conduct report states that he told the reporting officer: "Fuck you, I'll beat your fucking bitch ass!" DE 7 at 4.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted). Even a Conduct Report alone can be sufficient evidence to support a finding of guilt. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Such is the case here. There was nothing arbitrary about the DHO concluding that the words, "Fuck you, I'll beat your fucking bitch ass!" were a threat. This was more than sufficient evidence to have found him guilty.

CONCLUSION

For the reasons set forth above, the Court **DENIES** the petition pursuant to Section 2254 Habeas Corpus Rule 4 and **DIRECTS** the clerk to close this case.

**DATED: April 18, 2016**

/s/RUDY LOZANO, Judge
**United State District Court**